UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-171(DSD/KMM)

United States of America,

     Plaintiff,

v.                                              **ORDER**

Henry James Soll,

     Defendant.

This matter is before the court upon the motion by pro se defendant Henry James Soll III to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

Soll was arrested on June 4, 2018, by members of a United States Marshals task force who were investigating earlier shooting incidents in which Soll was a suspect. ECF No. 49 ¶ 1. During a search incident to arrest, a loaded Glock .40 caliber pistol was found in Soll's pants pocket. <u>Id.</u> A search of the vehicle by which he was standing at the time of arrest uncovered two additional loaded guns. <u>Id.</u> An analysis performed on these guns

found that all three contained Soll's DNA.  ECF No. 78, Ex. 1 at 1-2.

On February 6, 2019, Soll pleaded guilty to Count I of the Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count I stemmed from Soll's possession of the gun found in his pants pocket during the June 4 arrest.[1]  In the plea agreement, Soll agreed that he had previously been convicted of four separate felony offenses, and admitted that he "knowingly and intentionally possessed the recovered firearms, and knew he was prohibited from possession the firearms because he is a convicted felon."  ECF No. 49 ¶ 1.

Soll now attacks the validity of his guilty plea and sentence on two grounds.  He first argues that his guilty plea was not intelligently made because he did not know that, under Rehaif v. United States, 139 S. Ct. 2191 (2019), the government needed to prove not only that he knowingly possessed the gun at issue, but also that he knew he was prohibited from possessing the gun due to his felon status.  Soll next argues that his counsel was ineffective because counsel failed to consult an expert regarding

---

[1] In the plea agreement, Soll agreed that three other guns — the two found in the car upon his initial arrest, as well as a fourth gun found during a later arrest — would be held against him for sentencing purposes.

test results showing Soll's DNA was present on the guns at issue. The government opposes Soll's motion.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of an imposed sentence. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the stated grounds for relief are facially meritless.

**I. Rehaif Claim**

Chapter 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a firearm. A person who knowingly violates that provision can be imprisoned for up to 10 years. 18

3

U.S.C. § 924(a)(2). In Rehaif v. United States, the United States Supreme Court clarified that it was not enough for the government to prove that the defendant knowingly possessed a firearm to be found guilty of violating §§ 922(g)(1) and 924(a)(2). 139 S. Ct. at 2200. Instead, the government must prove both that the defendant knowingly possessed a firearm and that the defendant knew he was a convicted felon at the time of possession. Id.

Soll argues that, because Rehaif added an element that he did not know the government would need to prove in his case, his plea agreement was not knowingly, intelligently, and voluntarily made because he did not receive adequate notice of the true nature of the charge against him. See ECF No. 72 at 5-8. He also appears to argue that he did not know he was a convicted felon at the time he possessed the gun at issue. See ECF No. 71 at 4.

A plea of guilty is not intelligent when the defendant is misinformed about the elements of the charged crime that the government must prove at trial. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (citing Bousley v. United States, 523 U.S. 614, 618 (1998)). Where a defendant does not challenge the validity of a guilty plea on direct appeal, however, he must show cause and prejudice or actual innocence to warrant relief under § 2255. Id. (citing Bousley, 523 U.S. at 622). Soll does not argue that he is actually innocent, but instead contends that he has satisfied the cause and prejudice test. The court does not

4

need to consider whether Soll has shown cause, because he cannot show actual prejudice.

To establish actual prejudice, Soll "must show that the errors of which he complains worked to his <u>actual</u> and substantial disadvantage ...." <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1141 (8th Cir. 1999) (citation and internal quotation omitted). He "must prove that but for the constitutional violations — that he ... did not understand the elements of the crime he pleaded guilty to — he might not have been convicted of the same crimes." <u>Id.</u> (citation and internal quotation omitted).

Soll cannot meet this burden because it is clear from the plea agreement and the transcript of Soll's change of plea hearing that he knew he was a convicted felon — and was therefore prohibited from possessing a gun — at the time of the offense. As detailed above, Soll admitted in his plea agreement that he "knowingly and intentionally possessed the recovered firearms, and <u>knew he was prohibited from possessing firearms because he is a convicted felon</u>." ECF No. 49 ¶ 1 (emphasis added). When entering his guilty plea, after Soll admitted to having been convicted of four previous felonies, he was asked whether he knew "it was illegal for [him] to possess firearms on the day in question." ECF No. 76 at 17:18–18:12. Soll admitted that he did. <u>Id.</u> at 18:18. Given that Soll admitted he knew was prohibited from

5

possessing a firearm at the time of the offense, he cannot show he was prejudiced and his motion for relief under Rehaif is denied.

## II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Soll must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Soll must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. This probability must be "sufficient to undermine confidence in the outcome," not simply that "errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693–94. These errors must be serious enough to demonstrate "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Soll contends that his counsel's performance was deficient because he did not "investigate the law relevant to DNA [found on the guns in Soll's possession] or consult an expert regarding the same." ECF No. 71 at 4. Soll also states that his counsel failed to explain the import of the government's DNA evidence, and that counsel simply advised him to take the plea deal. Id. Beyond that, Soll has not put forth any evidence regarding his counsel's

6

performance.[2] At his change of plea hearing, however, Soll stated that his defense counsel had "been a good lawyer for [him]" and had answered all of his questions. ECF No. 76 at 20:24–21:4. Regardless, at this juncture the court need not determine whether the performance of Soll's counsel fell below the standard required by the Sixth Amendment because Soll has failed to show that he was prejudiced by any defect in counsel's performance.

To show prejudice where the conviction is based on a guilty plea, the defendant must show "a reasonable probability that ... he would not have pleaded guilty and would have insisted on going to trial" but for counsel's errors. Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Soll does not directly contest that he possessed the guns at issue.[3] Rather, he contends that, had his defense counsel consulted a DNA expert, "available forensic testimony would have contradicted the prosecution's explanation of the events and would have strongly supported the defense's version." ECF No. 72 at 14. This is not enough to establish prejudice under Strickland because a "claim of ineffective

---

[2] The government requested an affidavit responding to these allegations from Soll's original defense counsel, but counsel has so far not responded.

[3] And again, Soll admitted both in his plea agreement and during his change of plea that he "knowingly and intentionally possessed" the guns at issue. ECF No. 49 ¶ 1; see also ECF No. 76 at 15:24–17:17.

7

assistance based on a failure to consult and call an expert requires evidence of what a scientific expert would have stated." United States v. Benson, No. 10-269, 2014 WL 4113098, at *4 (D. Minn. Aug. 20, 2014) (quoting Rodela-Aguilar v. United States, 596 F.3d 457, 462 (8th Cir. 2010)).

Further, Soll cannot show prejudice in his counsel's failure to consult a DNA expert because DNA evidence was not needed to establish that Soll possessed the gun relevant to the charge for which he pleaded guilty. That gun was found in his pants pocket on his arrest. See ECF No. 49 ¶ 1. Similarly, DNA evidence was not needed to establish Soll's possession of the three other guns, only two of which contributed to sentencing enhancements, because the government could show his constructive possession of those guns. See United States v. Parsons, 946 F.3d 1011, 1014 (8th Cir. 2020) (explaining that constructive possession can be shown through defendant's dominion over the location in which the gun was found and that possession may be shown by circumstantial evidence alone). Other than the gun found in his pants, all of the other guns were found in the car over which Soll had control. See ECF No. 76 at 16:9-17 (admitting that the guns "were found in the car that [Soll was] associated with").

Because Soll has not provided evidence as to what a DNA expert would have concluded with regard to the DNA found on the guns at issue, and because DNA evidence was not required to show Soll

8

possessed those guns, he has not established that he was prejudiced by counsel's failure to consult a DNA expert.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  The court is firmly convinced that Soll's § 2255 motion is baseless, and that reasonable jurists could not differ on the results.  As a result, a certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 71] is denied; and

2. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 6, 2020

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court